(No. 3765— )

Harry J. Laughlin, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed January 9, 1946.*

H. Grady Vien and Charles W. Hatch, of counsel, for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, for respondent.

Damron, J.

This complaint was filed on the 23rd day of November, 1942. It is a claim for Two Hundred Twenty Dollars ($220.00), alleged to be due claimant for the use of his private owned automobile while employed by the respondent at the rate of four cents (4c) per mile.

The record consists of the complaint, departmental report, transcript of evidence, and claimant's waiver of brief and argument.

The record discloses that the above named claimant was employed by the respondent in its Department of Public Works and Buildings, Division of Highways, as a State Highway Patrolman. The complaint alleges, and the evidence of the claimant supports the allegation, that the claimant was instructed and directed by his superior officers, in the Division of Highways, to use his own automobile in the performance of his official duties for some months prior to December, 1940.

The complaint further alleges, and the claimant so testifies, that the respondent did reimburse him for the

use of such car, except for the months of December, 1940, and January, 1941. That during the month of December, 1940, the claimant says that he is entitled to the sum of $99.72, and for the month of January, 1941, the sum of $120.28, making a total of $220.00, all as shown by detailed statements attached to the complaint and marked Exhibits A and B.

On January 8, 1943, the Division of Highways filed its departmental report, showing, in chronological sequence, the history of the employment of this claimant for the respondent, together with copies of letters which were sent to the claimant by the Department. This report shows that on January 25, 1941, this claimant wrote a statement in reference to his claim and filed it with the Department. It is in words and figures as follows:

"To whom it may concern, I, the undersigned, have orders from Don Clark, who at the request of myself asked for meals when I was out 12 or 14 hours a day, this he said could not be granted, but he allowed me to drive my personal car and I could be compensated that way, and he knowing that a State Police car had been assigned to me for the purpose of using in the capacity of Drivers' License Examiner. This car was issued to me for the purpose of saving the State money that I would be entitled to if I used my personal car, as I was being sent from one town to another on Special Examinations that meant lots of miles of travel."

It is always incumbent upon the claimant to prove his case by greater weight or preponderance of the evidence, and no award will be entered against the State unless a claim has been clearly proven and it is shown that some legal or equitable right has been denied the claimant. The burden of proof is always upon the claimant. We do not find sufficient proof in this record to warrant a finding for the claimant, and there is a total lack of any proof to show that claimant is entitled to be reimbursed for the alleged use of his private owned automobile during the course of his employment for the months of December, 1940, and January, 1941. Claim denied.